UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: **EZROY C SPENCER**

Debtor.

Case Number: 09-74255 PJS
Chapter 13
Judge SHEFFERLY

WILLIAM D. JOHNSON (P54823)
ACCLAIM LEGAL SERVICES, P.L.L.C.
26200 Lahser Rd. Ste. 330
Southfield, MI 48033
(248) 443-7033
_____/

## Debtor's Chapter 13 Confirmation Hearing Certificate

At the next confirmation hearing in this case, the debtor intends to: (check ONE of the following)

1. __X__ Request confirmation of the debtor's plan, even through all timely objections have not been resolved. I have e-mailed to the Trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order. The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts. The following are: (a.) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

Trustee Objections:
1. The Trustee did not file objections to the 1st amended Plan and, upon information and belief, the 1st amended Plan and related amendments resolved the Trustee's objections.

Creditor #1: CitiMortgage Inc.
Objections: RESOLVED

Creditor #2: Red Maple Lane Association
Objections:
1. "Debtor herein improperly classifies continuing claims." Response: Creditor asserts that the Plan improperly classifies continuing claims but fails to allege how the continuing claims were "improperly" classified and relies on a provision of the Code (11 USC 523(a)(16)) dealing with exceptions to discharge (not Plan confirmation) and more importantly 11 USC 523(a)(16) does not apply to a discharge under 11 USC 1328(a). In short, the Code provision cited in support of Creditor's objection is inapplicable and the objection is essentially frivolous. Of course, if Creditor had an action for non-dischargeability under 11 USC 523(a)(16) (which they don't) the proper forum would be an adversary proceeding, not objecting to Plan confirmation.
Issues: Is 11 USC 523(a)(16) material to determining whether a Plan is confirmable under 11 USC 1325?
2. Objection states that the Plan is filed in "bad faith." Although never alleged, presumably the Creditor is trying to assert that the Plan lacks "good faith" as required by 11 USC 1325(a)(7). Response: Creditor relies on various factors in alleging "bad faith," none of which have any merit. Regarding the 2004 Jeep Liberty, the vehicle is titled in the Debtor's name and the note in the schedule that it is his "son's car" is nothing more than an indication of who drives the vehicle. It was inadvertently scheduled as a "2003 Jeep Liberty" when in fact it is a 2004 Jeep Liberty. However, the value stated for the vehicle is accurate for a 2004 Jeep Liberty. Creditor makes several unsubstantiated allegations regarding the value of the both vehicles when in fact the stated values are accurate. However, all of Creditor's allegations regarding "bad faith" are baseless given the 36 month, 100% Plan proposed by the Debtor.
Issues: Does Debtor's 36 month, 100% Plan proposed by the Debtor lack good faith as required by 11 USC 1325(a)(7)?

/s/ Christopher W. Jones
Christopher Jones
Acclaim Legal Services, P.L.L.C.
26200 Lahser Road
Suite 330
Southfield, MI 48033
248-443-7033
filing@acclaimlegalservices.com