UNITED STATES BANKRUPTCY COURT
                      EASTERN DISTRICT OF MICHIGAN
                        SOUTHERN DIVISION-DETROIT

In Re:                                      Case No. 09-74255-pjs
                                            Chapter 13
Ezroy C. Spencer                            Hon. Phillip J. Shefferly
_____Debtor_____/

AMENDED AND SUPPLEMENTAL OBJECTION TO CONFIRMATION OF PLAN

    Now comes Red Maple Lane Association a/k/a Maple Forest Condominium Association, by and through counsel Thomas J. Budzynski, and hereby objects to the Plan as filed by the debtor stating as follows:

    1.   That debtor herein improperly classifies continuing claims. Pursuant to 11 USC 523(a)(16), the debtor retains responsibility for assessments due to Red Maple Lane Association a/k/a Maple Forest Condominium Association accruing post-petition as long as the debtor holds a legal or equitable interest.

    2.   There is no evidence that the debtor has executed a deed to the property to a third party, and no evidence that the debtor has in any other way executed his statement of intent to surrender. Surrender and termination of all legal and/or equitable interest can only occur by way of deed or foreclosure and expiration of the equity of redemption.

    3.   The debtor's Plan therefor cannot be confirmed as proposed, for the reason that the debtor has failed to make provision for post-petition assessments due, which are accruing at the rate of $235.00 per month from date of filing and are a continuing obligation.

4. That given the debtor has failed to account for these amounts, the debtor's Plan as proposed is not feasible.

5. That the case filed herein is filed in bad faith. A review of the schedules indicates an improper claim of exemptions on "son's car". The debtor attempts to claim exemptions exceeding those allowable under the Code. The schedules indicate no debt on this vehicle, and also fail to disclose when the transfer was made to the son, which may be a fraudulent conveyance, given no evidence of how the son acquired the vehicle. If this was a gift, it may have been given at a time when debtor was insolvent. While it does appear that this matter was corrected with amendments, it provides indicia of the attitude. That it appears the debtor utilized in excess of $25,000.00 within 4 months of filing to purchase a new residence, indicating that the budget items are in question if the debtor was able to accrue that sum. Further, the vehicles appear to be not only mis-described but under-valued. The purported 2003 Jeep Liberty is really a 2004, and valued between 10 and 12 thousand dollars according to Kelly Blue Book. The Mercedes is valued at 25 thousand according to the same source. This is a value increase of some 10 thousand dollars over the debtor's schedules.

6. The debtor has further breached his obligations under the Code. The debtor has failed to maintain the property. The debtor failed to maintain electricity to the condominium

-2-

09-74255-pjs    Doc 39    Filed 02/05/10    Entered 02/05/10 09:24:25    Page 2 of 6

property, failed to winterize the property, and failed to notify any party. This has resulted in broken water pipes and several thousand dollars damage to the property. This results not only in an amended claim by the Association, but will result in a significant administrative claim for repairs and maintenance to the property. The debtor is of course required to preserve assets of the estate and has failed to do so.

    7. The debtor improperly classifies claims. A review of the debtor's confirmation statement is further evidence of this. The claim of the association is a continuing claim, not a general unsecured claim. Further, it is entirely possible that it could be construed as an administrative priority claim.

    8. The fact that there will now be a significant claim for the damages, or again reviewing the confirmation statement, a cause of action against the debtor for post-petition claims, the debtor's Plan is further lacking in feasibility, as these items are simply not accounted for.

    9. The debtor's pre-confirmation actions are further evidence of bad faith. The debtor improperly classifies the Association, failed to preserve assets of the estate by failing to winterize the real property, and then claiming that a non-discharge action is required to satisfy the continuing claim. As noted in §523(a)(16), the post-petition obligations are not dischargeable. They are however, continuing. The debtor seems

to indicate that those debts require a non-discharge action. Unfortunately for the debtor, they do not. The Association dues accruing and the damage to the unit are post-petition obligations. The debtor can be sued in civil court for these damages, which the debtor seems to imply should occur by not making provision for same as a continuing obligation.

    10. The debtor's Plan has in fact already been breached. The failure to provide for the continuing claim of the Association, which accrues at $235.00 per month post-petition until the debtor no longer has a legal or equitable interest in the property, means at month 5, the debtor exceeds the $1,000.00 limit. In addition, the debtor's failure to winterize the property causing several thousand dollars of damage, estimates are currently being developed, exceeds the $1000.00 damage limitation. In addition, on information and belief, the debtor has no insurance on the property, which also provides a breach of the proposed Plan.

    WHEREFORE, Red Maple Association a/k/a Maple Forest Condominium Association requests that the court deny confirmation of the debtor's proposed Plan.

                                       Respectfully submitted,

                                       /s/ *Thomas J. Budzynski*
                                     Thomas J. Budzynski PC
                                     Attorney for Red Maple
                                      Association
                                     43777 Groesbeck Hwy.

Clinton Twp., MI 48036
                                        (586) 463-5253
                                        lawoffice@tjbudzynskipc.com
                                        P26355
Dated: 2/5/10

```
            UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF MICHIGAN
                SOUTHERN DIVISION-DETROIT
```

In Re:                                    Case No. 09-74255-pjs
                                          Chapter 13
Ezroy C. Spencer                          Hon. Phillip J. Shefferly
              Debtor          /

                    CERTIFICATE OF SERVICE
     AMENDED AND SUPPLEMENTAL OBJECTION TO CONFIRMATION OF PLAN

     I hereby certify that on February 5, 2010, I electronically
filed the foregoing Paper(s) with the Clerk of the Court using
the ECF system which will send notification of such filing to the
following:

Marcy J. Ford
William D. Johnson
Jonathan F. Rosenthal
David Wm. Ruskin

and I hereby certify that I have mailed by United States Postal
Service the Paper(s) to the following non-ECF participants:

Schlottman & Wagner, PC
43642 Elizabth Rd.
Clinton Twp., MI 48036

                                    /s/  *Marilyn E. Lewis*
                                  Secretary to
                                  Thomas J. Budzynski P26355
                                  Thomas J. Budzynski PC
                                  Attorney for Red Maple Lane
                                   Association
                                  43777 Groesbeck Hwy.
                                  Clinton Twp., MI 48036
                                  (586) 463-5253
                                  lawoffice@tjbudzynskipc.com

Dated: 2/5/10